In the Matter of the Petition of ISIDOR LYON to Render and Settle His Account as Substituted Trustee of the Last Will and Testament of HATTIE B. CRONER, Deceased, and for a Judicial Construction of Said Last Will and Testament of HATTIE B. CRONER, Deceased.

Surrogate's Court, Kings County, March 19, 1925.

Wills — construction — remainder over given absolutely — will provided that if remainderman predeceased life tenant remainder should go to issue of remainderman — remainderman predeceased life tenant but without issue — remainder payable to remainderman's legal representative — clear words of gift only cut down by subsequent words equally clear.

A remainder over devised to a named person with substitution to his issue in case he should predecease the life tenant passes to the remainderman's legal representative, where it appears that while the remainderman predeceased the life tenant, he died without issue.

The clear words of gift used by a decedent with respect to a remainder will not be cut down by subsequent words in the will, unless the latter words are equally clear.

PROCEEDING for accounting, involving construction of will.

*Bernhard Bloch,* for the petitioner.

*Rumsey & Morgan,* for Beatrice Sampson, respondent.

*Louis S. Ehrich,* for Jerome B. Ehrich, respondent.

WINGATE, S.:

The 17th clause of the will of the testatrix, after creating a life estate in the residue of her property for the benefit of her husband, gives the remainder thereof absolutely to her nephew, Joseph Croner. The clear words of gift used by the decedent with respect to this remainder are only to be cut down by subsequent words found in the will, if these latter are equally clear.

The provisions for a substituted gift in the event of marriage out

of, or of renunciation of, the Jewish faith are inapplicable, for Joseph Croner neither married nor gave up his faith. He survived the testatrix but predeceased the life tenant, without issue. The will provides that, in the event of the death of Joseph Croner during the lifetime of decedent's husband, the remainder be given to the issue of the nephew. As he left no issue, there was no disposition of the remainder other than the gift to him contained in the earlier provisions of the paragraph under review. None of the possible events contemplated by the testatrix, upon which substitution was directed, came to pass, and no substitutionary gift of the remainder has resulted. The life tenant having died, and the remainder designed for Joseph Croner not having been divested by his death, the residuary estate is now payable to the latter's legal representative.

Let a decree be settled upon notice directing distribution accordingly.